FILED - GR
January 25, 2010 11:12 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:ald ___/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Shelly Donahue,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) Hon. | **1:10-cv-69** |
| v. | ) | **Gordon J Quist** |
| | ) | **U.S. District Judge** |
| **Viking Collection Service, Inc.,** | ) | |
| a Minnesota corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Complaint**

**I.     Introduction**

1.     This is an action for damages, brought against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.    Jurisdiction**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.     Plaintiff Shelly Donahue is a natural person residing in Barry County, Michigan. Ms. Donahue is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Ms. Donahue is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4. Defendant Viking Collection Service, Inc. ("Viking") is a Minnesota corporation, with offices at 7500 Office Ridge Circle, Suite 100, Eden Prairie, Minnesota 55344. The registered agent for Viking in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Viking uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Viking regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Viking is a "debt collector" as the term is defined and/or used in the FDCPA. Viking is licensed (No. 2401000627) by the State of Michigan to collect consumer debts in Michigan. Viking is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

**IV.   Facts**

5. Ms. Donahue used a credit account to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditor or a successor in interest claimed that the debt was not paid and hired Viking to collect the allegedly delinquent debt.

7. Alternatively, Viking purchased the debt after the account allegedly became delinquent.

8. Ms. Donahue disputes the debt.

9. Ms. Donahue refuses to pay the debt.

2

10. In December 2009, a Viking employee repeatedly telephoned Ms. Donahue's home telephone as well as her cellular telephone and left either of the following recorded messages on Ms. Donahue's voice mail: "Shelly Donahue. Call Doug Grant. 1-800-215-2319." "Shelly Donahue. Call Doug Grant. Right away. 1-800-215-2319."

11. Each recorded message left by the Viking employee on Ms. Donahue's voice mail conveyed information regarding a debt directly or indirectly to Ms. Donahue.

12. Each recorded message left by the Viking employee on Ms. Donahue's voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

13. Viking and its employee left recorded messages on Ms. Donahue's voice mail that did not disclose in the messages that the telephone call was from a debt collector.

14. By failing to disclose in a recorded message left by Viking on Ms. Donahue's voice mail that the caller was a debt collector, Viking violated the FDCPA, 15 U.S.C. § 1692e(11).

15. When Viking left the recorded messages for Ms. Donahue on her voice mail, Viking was aware or should have been aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

16. Viking is a member of ACA International ("ACA").

17. ACA is a trade group for debt collectors. According to the ACA website

3

(www.acainternational.org), Viking has been a member of ACA since 1981.

18. Over the past two or more years, ACA sent multiple writings to its members, discussing the various federal district court opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.

19. Viking has been sued in the past for allegedly leaving a recorded message for a debtor/consumer without identifying itself as a debt collector in violation of the FDCPA.

20. In December 2009, it was the practice of Viking in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

21. In December 2009, Viking and its employees when telephoning consumers in connection with the collection of a debt used a script and left a recorded message on the consumer's voice mail or telephone answering machine which script failed to disclose that the caller was a debt collector.

22. In December 2009, Viking did not require its employees when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine to state that the caller was a debt collector.

23. Viking and its employee left a recorded messages on Ms. Donahue's voice mail that did not disclose in the message that the telephone call was from Viking.

24. Viking and its employee left a recorded message on Ms. Donahue's voice mail that did not include a meaningful disclosure of the caller's identity, which violated the FDCPA,

15 U.S.C. § 1692d(6).

25. In December 2009, it was the practice of Viking in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from Viking.

26. In December 2009, Viking and its employees when telephoning consumers in connection with the collection of a debt used a script and left a recorded message on the consumer's voice mail or telephone answering machine which script failed to disclose that the call was from Viking.

27. In December 2009, Viking did not require its employees when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine to state that the call was from Viking.

28. Viking and its employee left recorded messages on Ms. Donahue's voice mail that did not reveal the purpose of the telephone call.

29. Viking and its employee left recorded messages on Ms. Donahue's voice mail that concealed the purpose of the communication.

30. The recorded message left by Viking and its employee on Ms. Donahue's voice mail concealed or did not reveal the purpose of the communication, which violated the MOC, M.C.L. § 339.915(e).

31. Numerous people have posted complaints on the internet, complaining of the Viking employee named Doug Grant leaving messages on voice mails and answering machines, and failing to state in the messages the purpose of his call and the name of his employer.

32. In December 2009, it was the practice of Viking in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine which message concealed or did not reveal the purpose of the communication.

33. In December 2009, Viking and its employees when telephoning consumers in connection with the collection of a debt used a script and left a recorded message on the consumer's voice mail or telephone answering machine which script concealed or did not reveal the purpose of the communication.

34. In December 2009, Viking allowed its employees to conceal the purpose of the communication when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine.

35. In December 2009, Viking did not require its employees to reveal the purpose of the communication when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine.

36. In the one-year period immediately preceding the filing of this complaint, Viking and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, failing to disclose in the message that the communication was from a debt collector.

37. In the one-year period immediately preceding the filing of this complaint, Viking and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, without making a meaningful disclosure in the message of the caller's identity.

38. In the one-year period immediately preceding the filing of this complaint, Viking

and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, without stating in the message that the telephone call was from Viking.

39. In the one-year period immediately preceding the filing of this complaint, Viking and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, which messages concealed or did not reveal the purpose of the telephone call.

40. In January 2010, Ms. Donahue spoke by telephone with a Viking employee identified as Doug Grant. The Viking employee stated that Viking had been hired to collect a debt owed by Ms. Donahue in connection with a T. J. Maxx/Marshalls credit card with an account number ending in 3790. In the ensuing conversation, the Viking employee made the following representations:

a) If Ms. Donahue would agree to pay a lesser amount to settle the account, then the debt would be shown on her credit report as "paid in full."

b) Derogatory information regarding the debt would continue to be reported on Ms. Donahue's credit until the debt is paid.

c) If Ms. Donahue refused to pay the debt, derogatory information regarding the debt would always be reported on Ms. Donahue's credit report.

d) Until the debt is paid, derogatory information regarding the debt which was being reported on Ms. Donahue's credit report would impede her ability to obtain an auto loan, to refinance her mortgage, to obtain a cell phone, to obtain cable tv, or to purchase anything.

7

    e)    Until the debt is paid, derogatory information regarding the debt which was being reported on Ms. Donahue's credit report would impede her ability to get a promotion at work or to get a new job.

Ms. Donahue repeatedly stated that she wished to dispute the debt. Hearing that, the Viking employee stated that the only way for Ms. Donahue to dispute the debt would be to file a police report claiming fraud, and that the filing of a false police report is a felony.

    41.    The Viking employee falsely stated that if Ms. Donahue would agree to pay a lesser amount to settle the account, then the debt would be shown on her credit report as "paid in full."

    42.    The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

    43.    The Viking employee made false statements regarding the length of time for which derogatory information regarding the debt could be reported on Ms. Donahue's credit report.

    44.    The Viking employee made false statements regarding the effect not paying the debt would have on Ms. Donahue's ability to purchase goods and services on credit.

    45.    The Viking employee made false statements regarding the effect not paying the

debt would have on Ms. Donahue's ability to obtain a promotion at her place of employment.

46. The Viking employee made false statements regarding the effect not paying the debt would have on Ms. Donahue's ability to obtain new employment.

47. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998).

48. The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

49. The Viking employee made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA.

50. The Viking employee made false statements regarding Ms. Donahue's rights to dispute the debt.

51. Viking failed to mail Ms. Donahue a timely notice of her rights are required by the

FDCPA, 15 U.S.C. § 1692g.

52. The acts and omissions of Viking and its employee done in connection with efforts to collect a debt from Ms. Donahue were done wilfully.

53. Viking and its employee wilfully violated the FDCPA and MOC.

54. As an actual and proximate result of the acts and omissions of defendant and/or its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

V. **Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

55. Plaintiff incorporates the foregoing paragraphs by reference.

56. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d)    Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

57.    Plaintiff incorporates the foregoing paragraphs by reference.

58.    Defendant has violated the MOC.  Defendant's violations of the MOC include, but are not necessarily limited to, the following:

    a)    Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b)    Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

    c)    Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity; and

    d)    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Actual damages pursuant to M.C.L. § 339.916(2);

    b)    Treble the actual damages pursuant to M.C.L. § 339.916(2);

    c)    Statutory damages pursuant to M.C.L. § 339.916(2); and

    d)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: January 25, 2010

_____
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

12